**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHRISTINA FREY,** | : | |
| **Plaintiff** | : | **CIV. ACTION NO. 3:24-CV-1272** |
| **v.** | : | **(JUDGE MANNION)** |
| **ADAMS COUNTY ADULT CORRECTIONAL COMPLEX, *et al.*,** | : | |
| **Defendants** | : | |

## <u>MEMORANDUM</u>

This is a prisoner civil rights case filed pursuant to 42 U.S.C. §1983. For the reasons set forth below, plaintiff's complaint will be dismissed without prejudice, and she will be granted leave to file an amended complaint.

### I.   BACKGROUND

Plaintiff, Christina Frey, an inmate in SCI-Cambridge Springs, brings the instant case pursuant to 42 U.S.C. §1983, alleging civil rights violations during her previous incarceration as a pretrial detainee in Adams County Adult Correctional Complex ("ACACC"). Frey filed her complaint on July 24, 2024, and the court received and docketed the complaint on July 30, 2024. (Doc. 1).

According to the allegations in the complaint, Frey arrived at ACACC on February 1, 2024. (*Id.* at 5). Defendant "Alex," a nurse in the prison,

allegedly performed a pregnancy urine test on Frey as part of an initial medical screening. (*Id.*) The test was positive. (*Id.*) Frey told Alex that this positive result must have been a mistake because she "had been trying to conceive for 32 years with no success." (*Id.*) Alex then performed another pregnancy test, which was again positive. (*Id.*) Alex performed a blood test to confirm the pregnancy. (*Id.*) Two days later, another nurse in the prison, defendant "Sergio," informed Frey that the blood test also showed a positive result for pregnancy. (*Id.*)

Approximately one week later, Frey was sent to the prison's medical department, where she spoke with defendant Clark, a doctor in the prison. (*Id.*) Clark allegedly informed Frey that she may have had a false positive result for pregnancy due to menopause. (*Id.*) Frey told Clark that Sergio had previously said she was pregnant. (*Id.*) Clark purportedly responded that Sergio should not have told her that "until he looked at [Frey's] results." (*Id.*) Clark then stated that he would see Frey again in approximately one week so that more testing could be done, but Frey allegedly did not see him again after this date. (*Id.*) The complaint further alleges that ACACC and its medical services subcontractor, defendant Prime Care Medical Inc. ("Prime Care"), "mishandled" Frey's diabetes "due to too much insulin," which allegedly resulted in three trips to the emergency room in two weeks. (*Id.* at 5-6).

The complaint names as defendants ACACC, Prime Care, Alex, Sergio, and Clark, and alleges violations of Frey's Sixth, Eighth, and Fourteenth Amendment rights based on defendants' "intentional infliction of emotional distress" and "medical negligence." (*Id.* at 2-3, 7). Frey seeks monetary damages. (*Id.* at 7).

## II.    DISCUSSION

### A.    Screening

The court has conducted an initial screening of plaintiff's complaint pursuant to 28 U.S.C. §1915(e)(2)[1] and 28 U.S.C. §1915A[2] and has

---

[1] 28 U.S.C. §1915(e)(2) provides:

> **(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
> **(A)** the allegation of poverty is untrue; or
> **(B)** the action or appeal—
> **(i)** is frivolous or malicious;
> **(ii)** fails to state a claim on which relief may be granted; or
> **(iii)** seeks monetary relief against a defendant who is immune from such relief.

[2] 28 U.S.C. §1915A provides:

> **(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

determined that the complaint fails to state a claim upon which relief may be granted. Liberally construed, the only constitutional claims the complaint appears to allege are claims of deliberate indifference to a serious medical need in violation of the Eighth Amendment based on defendants telling Frey that she was pregnant and "mishandling" her diabetes.[3]

To state a claim for deliberate indifference, a plaintiff must allege "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (citing *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987). A prison official acts with deliberate indifference when he

---

**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
   **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
   **(2)** seeks monetary relief from a defendant who is immune from such relief.

[3] The complaint purports to assert claims for violation of the Sixth and Fourteenth Amendments, but the court cannot discern any basis for these claims.

"knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "A plaintiff's mere disagreement as to the proper medical treatment" is not sufficient to support a deliberate indifference claim. *Lanzaro*, 834 F.2d at 346.

The deliberate indifference standard "affords considerable latitude to prison medical authorities in the diagnosis and treatment of the medical problems of inmate patients," and courts must accordingly "'disavow any attempt to second-guess the propriety or adequacy of their particular course of treatment' so long as it 'remains a question of sound professional judgment.'" *Pearson v. Prison Health Serv.*, 850 F.3d 526, 538 (3d Cir. 2017) (quoting *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979)). A claim that "a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Thus, claims that a physician has "inadequately diagnosed and treated" a plaintiff's medical condition does not amount to a violation of the Eighth Amendment if the physician was exercising his professional judgment in his diagnosis and treatment. *Id.*

Frey's deliberate indifference claim based on defendants allegedly telling her that she was pregnant plainly fails. The complaint alleges that both Alex and Sergio told Frey that she was pregnant after multiple pregnancy tests came back positive. (Doc. 1 at 5). The complaint's theory appears to be that the defendants should have known that these results were likely false positives caused by Frey's menopause. These allegations at most amount to negligence, which is not sufficient to state a deliberate indifference claim upon which relief may be granted. *Pearson*, 850 F.3d at 538.

As for Frey's allegation that defendants ACACC and Prime Care "mishandled" her diabetes, this claim fails to the extent it is alleged against ACACC because county jails are not proper defendants to a Section 1983 civil rights lawsuit. *See*, *e.g.*, *Edwards v. Northampton County*, 663 F. App'x 132, 136 (3d Cir. 2016); *Beaver v. Union County Pennsylvania*, 619 F. App'x 80, 83 (3d Cir. 2015); *Lenhart v. Pennsylvania*, 528 F. App'x 111, 114 (3d Cir. 2013). The claim additionally fails to the extent it is alleged against Prime Care because Frey has not alleged that Prime Care maintained a policy or custom that caused the alleged violations of her civil rights. *See Natale*, 318 F.3d at 583-84 (holding that plaintiff alleging civil rights violation by corporation providing medical services to county jail through third-party

contract must allege that the corporation maintained a policy or custom that caused the alleged civil rights violation).

## B.    Leave to Amend

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile. *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). The court will deny leave to amend as futile to the extent Frey asserts claims based on defendants purportedly telling her that she was pregnant. It is clear from the complaint that these allegations at most amount to negligence, and there do not appear to be any additional facts that could be alleged in an amended complaint that would allow the complaint to state a deliberate indifference claim upon which relief may be granted. The court will grant Frey leave to amend her claims arising from the purportedly improper treatment of her diabetes because it appears that Frey may be able to allege a relevant policy or custom maintained by Prime Care and/or name individual defendants who were allegedly personally involved in the improper treatment of her diabetes.

## C.    State Law Claims

Finally, to the extent the complaint asserts state law claims for negligence and intentional infliction of emotional distress, the court will

dismiss these claims without prejudice to Frey's right to include the claims in an amended complaint because it may be appropriate to decline to exercise jurisdiction over the claims if all of Frey's federal claims are ultimately dismissed with prejudice. *See* 28 U.S.C. §1367(c).

## IV.   CONCLUSION

For the foregoing reasons, the court will dismiss defendant ACACC and Frey's claim arising from defendants purportedly telling her she was pregnant with prejudice, dismiss the remainder of the complaint without prejudice, and grant Frey leave to file an amended complaint. An appropriate order shall issue.


*s/ Malachy E. Mannion*
**Malachy E. Mannion**
**United States District Judge**

**Dated:   August 15, 2024**
24-1272-01